UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY LAMONT BUNN, JR.,

    Plaintiff,

v.

PELICAN BAY STATE PRISON,

    Defendant.

Case No. 16-cv-01739 NC (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner proceeding *pro se*, has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983.[1] Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons that follow, the court dismisses the complaint with leave to amend.

**BACKGROUND**

I.    <u>Standard of Review</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any

---

[1] Petitioner has consented to magistrate judge jurisdiction. (Dkt. No. 5.)

Case No. 16-cv-01739 NC (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

1

cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Plaintiff's Claims

Plaintiff claims that while at Pelican Bay State Prison, plaintiff was told that he could not have his compact disc player and other unspecified property. Plaintiff was asked what he would like to do with that property, and plaintiff requested that it be held for him. Instead, it appears that plaintiff's property was donated against his wishes. Liberally construed, plaintiff appears to be attempting to allege a due process claim.

However, plaintiff only names Pelican Bay State Prison as the sole defendant. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). This Eleventh Amendment immunity also extends to a state agency, such as Pelican Bay State Prison. *See, e.g.*, *Allison v. Cal. Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (noting that California Adult Authority and

Case No. 16-cv-01739 NC (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

2

San Quentin Prison are not persons within meaning of Civil Rights Act). Thus, Pelican Bay State Prison is immune from suit, and is dismissed with prejudice. Plaintiff will be given leave to amend to name a proper defendant.

Plaintiff is advised that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Id.* at 634. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

It is also unclear whether plaintiff's deprivation of property was random and unauthorized, or whether it occurred by an established state procedure. If it was the former, the availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore

Case No. 16-cv-01739 NC (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

3

provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). If it was the latter, plaintiff may have a cognizable claim because due process is violated where a deprivation is predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 739 (9th Cir. 2001) (holding that a due process challenge to the deprivation of property may go forward where (1) the deprivation took place at a specific, predictable point in the seizure process; (2) the seizing officer was delegated the power and authority to effect the very deprivation complained of; and (3) he also had the concomitant duty to initiate the procedural safeguards set up under the local ordinance).

As the complaint currently reads, plaintiff has not stated a cognizable claim against any defendant. However, district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). If plaintiff believes that he can cure the deficiencies addressed above, he may amend his complaint to do so.

Case No. 16-cv-01739 NC (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

4

# CONCLUSION

1. The complaint is DISMISSED with leave to amend. If plaintiff believes he can cure the above-mentioned deficiencies in good faith, he must file an amended complaint within twenty-eight days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 16-1739 NC (PR)) and the words AMENDED COMPLAINT on the first page. Failure to file an amended complaint within twenty-eight days and in accordance with this order may result in the dismissal of this case. The Clerk of the Court is directed to send plaintiff a blank civil rights form along with his copy of this order.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Case No. 16-cv-01739 NC (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

IT IS SO ORDERED.

DATED: June 15, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-01739 NC (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

6